United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                    Hon.  Matthew F. Leitman

v.

                                    Case No. 25-CR-20770

Gregory Bobchick,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Gregory Bobchick, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with False Statements on a Tax Return pursuant to 26 U.S.C. § 7206(1).

## 2. Statutory Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 3 years |
|---------|----------------------|---------|
|         | Fine: | $100,000 |
|         | Term of supervised release | 1 year |

## 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the factual basis of this Plea Agreement.

## 4. Elements of Count of Conviction

The elements of Count 1, False Statements on a Tax Return, are:

First, the defendant made and subscribed a tax return that was false as to a material matter;

<u>Second</u>, the tax return contained a written declaration that it made under penalty of perjury;

<u>Third</u>, the defendant did not believe the tax return to be true and correct as to every material matter; and

<u>Fourth</u>, the defendant falsely subscribed the return willfully, knowing that his conduct violated the law.

**5.     Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Gregory Bobchick, a former resident of Shelby Township, Michigan, has owned and operated various businesses over the course of his career. One such business was 3D Machining, Inc. (3D), a Fraser, Michigan machining company in existence from approximately 2016-2019. Bobchick organized 3D as an "S-Corporation" under the Internal Revenue Code. S-Corporations are "pass through entities," meaning that they generally do not pay federal corporate income taxes. Rather, income from the business flows through to shareholders and is reported

on the shareholders' individual tax returns, where it can be taxed at individual rates. At all times relevant to this case, Bobchick was the sole shareholder at 3D. For tax years 2017, 2018, and 2019, Bobchick caused 3D to file S-Corporation corporate tax returns. He also filed his own individual tax returns for those tax years, in which he purported to capture all income from the business.

In fact, the information reported on both 3D's corporate tax returns and Bobchick's individual tax returns for those three years was false. Customers of 3D generally paid 3D for its services via check. This included 3D's largest customer, referred to herein as Company A. Bobchick deposited numerous of Company A's checks into 3D's bank accounts. However, Bobchick also took a substantial number of Company A's checks to a money service business, where he cashed the checks in exchange for a fee. Bobchick provided his tax preparer with 3D's bank statements, which the preparer used (among other things) to assemble the corporate tax returns for 3D and Bobchick's personal tax returns. Bobchick, however, did not provide his tax preparer with any information regarding the checks from Company A that he negotiated at the money service business. Therefore, those checks were not

Page **4** of **19**

included as gross receipts in 3D's corporate tax returns, and the understated income flowed through to Bobchick's personal tax returns.

Bobchick cashed hundreds of checks from Company A at the money service business between 2017-2019. Over the course of these three years, this practice led to Bobchick understating approximately $1,269,616 in taxable income on his personal tax returns. As charged in the Information, a portion of this total, approximately $418,401 in taxable income, was not included on Bobchick's 2019 individual return. Bobchick subscribed each of his individual tax returns for years 2017-2019 by signing them, and each tax return contained a written declaration that it was made under penalty of perjury. Bobchick knew at the time that he signed these tax returns that they were false, in that they substantially understated his taxable income. Moreover, Bobchick signed each of his knowingly false returns willfully, knowing that by doing he so he was violating the law. Bobchick's criminal conduct resulted in a tax loss of approximately $343,334 to the United States government.

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D. The right to an appointed attorney, if the defendant cannot afford to retain one;

E. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F. The right to confront and cross-examine adverse witnesses at trial;

G. The right to testify or not to testify at trial, whichever the defendant chooses;

H.     If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless

affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

Section 2T1.1 (a)(1): Base offense level from tax table of 18 (More than $250,000 but less than $550,000 of tax loss)

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9. Imposition of Sentence

#### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

#### B. Imprisonment

##### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

##### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a one-year term of supervised release.

#### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

There is no recommendation or agreement as to a fine.

## E. Restitution

The defendant agrees to pay restitution in the following amounts to the following victims, pursuant to 18 U.S.C. § 3663(a)(3):

- Internal Revenue Service: $343,334

Defendant agrees that he is liable for the fraud penalty under 26 U.S.C §§ 6663 or 6651(f) on the tax loss determined by the Court for the tax years 2017 through 2019. The defendant agrees to the immediate assessment of the fraud penalty on the tax loss determined by the Court for the tax years 2017 through 2019.

Defendant agrees that this restitution is due and payable immediately after the criminal judgment is entered and is subject to immediate enforcement, in full, by the government. 18 U.S.C. §§ 3612(c), 3613. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the government may immediately enforce the criminal restitution order in full.

Nothing in this plea agreement, including this Paragraph, restricts the authority of the Internal Revenue Service to pursue any of its administrative or civil remedies under the Internal Revenue Code, including but not limited to assessment (IRC, chapter 63, 26 U.S.C. § 6201 et seq.), collection (IRC, chapter 64, 26 U.S.C. § 6301 et seq.), interest (IRC, chapter 67, 26 U.S.C. § 6601 et seq.), and penalties (IRC, chapter 68, 26 U.S.C. § 6651 et seq.). The IRS will use the amount of criminal restitution set forth above as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4)(A). Defendant may not challenge the amount of the civil assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule in this criminal case nor defendant's timely payment of restitution according to that schedule will preclude the IRS from enforcing its right to seek the immediate collection of the full amount of the civil assessment.

Any payment to the IRS made by defendant pursuant to the order of restitution in this criminal case will be credited against any civil liability owed by defendant to the IRS for income taxes, interest, and penalties in connection with tax years 2011 through 2019.

If full payment of criminal restitution cannot be made immediately, defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including but not limited to IRS Form 433-A ("Collection Information Statement for Wage Earners and Self-Employed Individuals") and IRS Form 433-B ("Collection Information Statement for Businesses")). He also agrees to disclose to the IRS any and all additional financial information and financial statements he has provided to the U.S. probation office. Defendant also agrees that the IRS may disclose financial information about him to the U.S. probation office.

### F.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guidelines range as determined by the court, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he[she] may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

Jerome F. Gorgon, Jr.
United States Attorney

John K. Neal
Assistant United States Attorney
Chief, Anti-Corruption Unit

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
James Howarth
Attorney for Defendant

_____
Gregory Bobchick
Defendant

Dated: 13 November 2025