UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

                            File No. **25-cr-20770**

-vs-

                            Honorable **Matthew F. Leitman**

**GREGORY BOBCHICK**,

    Defendant.

| | |
|---|---|
| **JOHN K. NEAL (P85052)** | **JAMES C. HOWARTH (P15179)** |
| U.S. Attorney's Office | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 500 Griswold, Suite 2400 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| Phone: (313) 226-9644 | Phone: (313) 590-1670 |
| Email: john.neal@usdoj.gov | Email: james-howarth@att.net |

## <u>SENTENCING MEMORANDUM</u>

### I.    BACKGROUND OF THE CASE.

#### A.    Vital Statistics.

Gregory Albert Bobchick, an American citizen, 62 years old, married for over 30 years, with three grown children, is before the Court, having pled guilty to the offense of False Statement on a Tax Return, in violation of 26 U.S.C. §7206(1).

This case arose from his ownership of a machining company, 3D Machining, Inc., located in Fraser, Michigan from 2016-2019 . The government has charged that Mr. Bobchick, in understating income on individual tax returns, over one million, two

-1-

hundred thousand ($1,269,616) dollars in taxable income, committed tax fraud, depriving the government of $343,334 as lawful federal income tax.

As the United States Probation Department notes in their Presentence Report ("PSR"), "mandatory restitution . . . is not applicable . . . [h]owever, restitution is a part of [the] plea agreement" (PSR, p. 6, ¶10).

**B.      Defendant Bobchick's Prior Criminal Record.**

In January 1994, Gregory Bobchick was convicted by plea of Conspiracy to Distribute Marijuana (21 U.S.C. §841(a)(1) & §846, and Conspiracy to Distribute Anabolic Steroids (21 U.S.C. §846). He was sentenced to 12 months custody, per count. He was released after a total incarceration of 14 months.

In May 1994, Bobchick was sentenced to lifetime probation in Macomb County (Michigan) Circuit Court upon a plea of guilty to Conspiracy to Manufacture/ Delivery of Cocaine 50-224 Grams. Also, Mr. Bobchick was convicted in the Huron County (Michigan) Circuit Court of Operating While Visibly Impaired.  He was sentenced to fines and costs.

Defendant has apparently been free of other criminal involvement for thirty-three years.

## II. PERSONAL BACKGROUND OF DEFENDANT GREGORY BOBCHICK.

Gregory Bobchick was brought up in a stable environment in Warren, Michigan, the second of four children. One sister, Deborah is an administrative judge, a younger brother owns a restaurant and his youngest brother is "in medical/pharmaceutical transportation" (PSR, p. 9, ¶34).

Before college, Mr. Bobchick had a normal adolescent life, very centered in competitive athletics. This led to a scholarship for wrestling at Michigan State University and a professional career in that sport, both as an athlete and a coach until 2015.

He is currently married to Dawn Bobchick and they are the parents of three children, all of whom currently reside with their parents. His son, Gregory, was severely injured in an auto accident and still suffers from traumatic head injuries. His wife, Dawn, was associated with his business, which is part of the subject matter of the instant case, as a part time bookkeeper.

A very important part of their lives centers around their church, the Oakland Christian Church in Rochester Hills. Letters from the church and fellow parishioners will be provided to the Court before sentencing.

-3-

For the last 18 years Greg Bobchick has been involved in various business ventures, including ownership of 3 Jet's Pizza franchises. Unfortunately the "Jet's" brand of Detroit pizza was not as well received in the South as it has been in the Detroit metropolitan area and the restaurants closed in 2023. The Bobchicks then returned to the Detroit area where they remain today.

## III.  THE CHARGED CONDUCT.

From 2016-2019 Gregory Bobchick owned an operated 3D Machining Company in the Detroit metropolitan area. His company had one major customer, Dart Container Co., and other smaller clients. 3D's business success or failure was directly tied to his supplying product to Dart, and receiving timely payment thereon. Unfortunately for Mr. Bobchick, Dart was often slow with paying, while his suppliers were not satisfied with waiting for him to be solvent enough to reimburse them for their service. This "forced" Bobchick to try to shortcut his payments by cashing Dart's checks immediately upon receipt at check cashing service companies, in these instances principally Rose's Gold. However, he would have to pay a 3% commission for check service plus 20% interest due to the fact that Bobchick had a bad credit rating. Therefore, banks refused to deal with him and he had no unencumbered collateral for a loan. Therefore, he lost substantial capital on almost every transaction.

-4-

On a typical $50,000 job contract Bobchick was required to pay (COD) $20,000 for materials, but was not paid by his customers for 30-40 days after a job was completed. This created a cash-flow crisis. On top of that, labor, a key component, naturally expected to be paid weekly, whether or not Mr. Bobchick had received payment from his customers. All of the above is not in fact a defense to the crime to which Bobchick has pled, but the fact that in the period of 2016-2019 he cashed checks at Rose's Gold Exchange in the amount of $3,821,208.23 and paid virtually usurious interest on those transactions, explains (but does not excuse) why he could not manage his federal tax obligations.

Finally, in examining whether defendant Bobchick profited from withholding money owed to the Internal Revenue Service, it can be noted that there is no claim or evidence that he ever lived an exorbitant life, with an expensive home, flashy cars or vacations. He did his best with 3D Machining and Jet's Pizza, but fortune didn't smile on him. Again, this is not defense to an income tax violation, but it is at least a reason for mitigation of punishment.

IV.   **MANDATORY CONSIDERATIONS FOR SENTENCING PURSUANT TO 18 U.S.C. §3553.**

A.   **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Gregory Bobchick made two serious mistakes in his late 20's, 32-33 years ago, first with distributing marijuana and shortly after, with delivery of cocaine. He was sentenced to 12 months custody for the marijuana charge and lifetime probation for the cocaine conviction. He was discharged from probation 23 years ago. Since then, with the exception of driving intoxicated, 17 years ago, he has endeavored to be a decent citizen and a good husband/father. Whereas he has not been perfect, he has made a good effort, which letters to this Court attest.

The offense now in issue is an economic matter and not a crime of violence or greed. Mr. Bobchick's devotion to his family and his community is documented and speaks loudly.

**B.**    **To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.**

Gregory Bobchick will not advocate that he was absolved in any way from paying taxes on money he earned and had the ability to give to the government. However, he does note that when circumstances beyond his control rendered him incapable of paying his fair share because in order to receive his just income he was economically forced to pay business expenses which weren't tax deductible. There is no doubt that it's a crime, but there is serious doubt that this constitutes a crime that is punishable because it is evil, as opposed to one punishable because it is prohibited.

-6-

**C.      To Afford Adequate Deterrence to Criminal Conduct.**

Sending Gregory Bobchick to prison for misrepresenting, in effect, his gross income to reflect non-deductible expenses as a deduction, cannot possibly deter other citizens from doing the same. The circumstances of Bobchick's "crime" are not reproducible. It may deter him, as our Probation Department correctly suggests (PSR, p. 18, §84), but is it very likely that after living with the nightmare of a federal prosecution for almost four years (and four consecutive United States Attorneys) that anyone would put himself through such a situation again. Is it not far better to let Mr. Bobchick as a federal probationer attempt to repay his debts?

**D.      To Protect the Public From Further Crimes of the Defendant.**

Gregory Bobchick, as noted above has had an additional 4 years, to reflect on the mistake he made. He's not likely to become a tax recidivist.  The letters in his support speak volumes as to whether he is a career criminal or a credit to his community.

Counsel, if not Mr. Bobchick personally, questions the Probation Department's suggestion that his employment opportunities and credit status should be harshly limited (PSR, p. 18, ¶85). The suggestion is obviously well-intentioned, but may lose sight of the fact that, with the exception of being a financial victim at 3D Machining

at the hands of a loan shark, Mr. Bobchick hasn't been the perpetrator of economic crime. Hampering his ability to work and make a living will not really benefit anyone.

### E. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Defendant Bobchick agrees with the Probation Officer's assessment which appears to suggest that prison has no "upside" for a person such as Greg Bobchick, taking into account his age, education, work history and health conditions. A prison term in this case seems justified only if the Court deems that punishment is mandatory.

### F. The Kinds of Sentences Available.

The defense agrees that Mr. Bobchick is eligible for probation statutorily and agrees that Local Court Rule 32.2 applies.

### G. The Need to Provide Restitution to Any Victims of the Offense.

Defendant Bobchick agrees to cooperate with the government once a determination is made as to the amount and terms of restitution.

## V. RELIEF REQUESTED.

Defendant Gregory Bobchick, having suffered two significant economic set backs in his life – the failure of his manufacturing company (3D) and his restaurant

operation (Jet's Pizza) asks this Court to give reasonable consideration to a probationary sentence with obvious conditions. This is based on his many years as a responsible citizen, good family provider, excellent church-community worker and just a decent human. If this is a reasonable request and can be granted, justice will be served.

Respectfully submitted,
/s/**James C. Howarth**
**JAMES C. HOWARTH (P15179)**
Attorney for Defendant
500 Griswold, Suite 2400
Detroit, Michigan 48226
Phone: (313) 590-1670
E-Mail: james-howarth@att.net

Dated: April 30, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

      Plaintiff,

                            File No. **25-cr-20770**

-vs-

                            Honorable **Matthew F. Leitman**

**GREGORY BOBCHICK**,

      Defendant.

| | |
|---|---|
| **JOHN K. NEAL (P85052)** | **JAMES C. HOWARTH (P15179)** |
| U.S. Attorney's Office | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 500 Griswold, Suite 2400 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| Phone: (313) 226-9644 | Phone: (313) 590-1670 |
| Email: john.neal@usdoj.gov | Email: james-howarth@att.net |

## CERTIFICATE OF SERVICE

I, **JAMES C. HOWARTH**, hereby certify that on the **30th** day of **April 2026**, I electronically filed **Sentencing Memorandum** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Hon. Matthew F. Leitman and AUSA John Neal**.

                        Respectfully submitted,
                        /s/**James C. Howarth**
                        **JAMES C. HOWARTH (P15179)**
                        Attorney for Defendant
                        500 Griswold, Suite 2400
                        Detroit, Michigan 48226
                        Phone: (313) 590-1670
                        E-Mail: james-howarth@att.net

Dated: April 30, 2026